# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NATIONSTAR MORTGAGE,

|                |   |                                    |
|----------------|---|------------------------------------|
| Plaintiff,     | : | Case No. 3:16-cv-127               |
|                |   |                                    |
|                |   | District Judge Walter Herbert Rice |
| -   vs   -     |   | Magistrate Judge Michael R. Merz   |
|                |   |                                    |
| SHELBY SANDERS, et al., |  |                             |
|                |   |                                    |
| Defendants.    | : |                                    |

## REPORT AND RECOMMENDATIONS

This case is before the Court upon filing of a Notice of Removal by Defendants Shelby and Belinda Sanders (ECF No. 1).  Upon examination, the Notice of Removal raised a number of questions about the propriety of removal, both as to the subject matter jurisdiction of this Court and the propriety of the removal   On April 11, 2016, the Court ordered the Defendants to show cause, not later than April 25, 2016, why the case should not be remanded to the Common Pleas Court on the bases set forth in the Order.  Defendants have failed to file any response.

Defendants assert this Court has subject matter jurisdiction of this case based on 28 U.S.C. § 1331 which is the statute providing for jurisdiction over cases arising under federal law. Upon examination of the Complaint filed in the Montgomery County Common Pleas Court on September 9, 2014, the claims for relief stated therein are for payment of a promissory note and

1

foreclosure of a residential mortgage.  Those claims arise under state law, not federal Thus it appears that this Court does not have jurisdiction under 28 U.S.C. § 1331.

28 U.S.C. § 1446(a) the notice of removal must be filed not later than thirty days after service on a defendant of a copy of the initial pleading.  The case was filed in the Common Pleas Court on September 9, 2014, and the Notice of Removal was not filed until April 7, 2016.  Thus the removal appears to be untimely.

28 U.S.C. § 1446(b)(2) provides that when removal is based on § 1441(a), all defendants must joint in the removal.  In this case, the Notice of Removal was filed by Belinda and Shelby Sanders, but not joined by the Montgomery County Treasurer or the State of Ohio, which are also defendants in the case.

28 U.S.C. § 1446(a) requires that the Notice of Removal be accompanied by "a copy of all process, pleadings, and orders served on the defendants in the case.  Defendants have filed only a copy of the Complaint and Summons.  However, examination of the docket maintained by Montgomery County Clerk of Courts Gregory Brush indicates many other pleadings, process, and orders have been filed in that case.

Accordingly, it is respectfully recommended that this case should be remanded to the Montgomery County Common Pleas Court.


April 26, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

2

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).